DIONTE BURFORD,

     Plaintiff,

  v.

DANE COUNTY JAIL,

     Defendant.

OPINION & ORDER

Case No. 19-cv-404-wmc

---

Plaintiff Dionte Burford brings this action under 42 U.S.C. § 1983 against one defendant, the Dane County Jail. Burford claims that the conditions at the Dane County Jail violate his constitutional rights. The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A. After review, the court concludes that while plaintiff has articulated an Eighth Amendment claim related to the water at the jail, he will be required to file an amended complaint that names a proper defendant to avoid dismissal.

## ALLEGATIONS OF FACT[1]

Dionte Burford has been an incarcerated at the Dane County Jail since April 6, 2019. He alleges that since his arrival the water has had a heavy metallic taste and leaves a residue in his sink, which he believes to be lead and other contaminants. Burford further alleges that drinking the water has caused severe abdominal pains and headaches. To address his concerns about the water, Burford filed a grievance and complained to deputies

---

[1] Courts must read allegations in *pro se* complaints generously, resolving ambiguities and drawing reasonable inferences in plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

Peabody and Walker, but the conditions have not improved. Burford also alleges that the ventilation systems are clogged, there is mold in the shower areas and bugs "everywhere."

OPINION

Since plaintiff alleges that he has been "incarcerated" at the jail since April of 2019, the court infers that he is a prisoner, meaning that he has been convicted of a crime and is serving a sentence, rather than a pre-trial detainee. Therefore, the Eighth Amendment governs his constitutional claims related to his conditions of confinement. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). To screen this claim, the court considers whether the defendant was aware that he was subjecting the plaintiff to a substantial risk of serious harm and was consciously refusing to take reasonable steps to prevent the plaintiff from being harmed. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Rosario v. Brawn*, 670 F.3d 816, 821 22 (7th Cir. 2012); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Another way of saying this is that a prison official may not deprive a prisoner of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff's allegations that the water tastes metallic and has caused him severe discomfort support a reasonable inference that the water puts him at substantial risk of serious harm. Likewise, jail employees' failure to take any steps to address his concerns gives rise to a reasonable inference of deliberate indifference. Yet plaintiff may not proceed at this time because he has not identified a proper defendant. The "Dane County Jail" is not a suable entity for purposes of § 1983 since a jail is a building and cannot be sued

because it cannot accept service of the complaint.  *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Therefore, the court is dismissing plaintiff's complaint without prejudice.  Since the court lacks the authority to amend plaintiff's complaint for him to substitute a proper defendant, *see Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005), if plaintiff wants to proceed on his claims in this lawsuit, he will need to file an amended complaint that identifies a proper defendant.  Such a defendant would include any jail employee (likely Peabody and/or Walker) that knew that plaintiff did not have access to clean and safe water and failed to take reasonable steps to ensure he had access to clean water.  *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.").

However, plaintiff should be aware that his stray allegation about ventilation, mold and bugs does not support an Eighth Amendment claim, at least as currently pled.  Indeed, plaintiff has not provided any details about how ventilation actually reduces breathable air, how much mold he sees in the showers, or how pervasive the insects or mold has been.  If, for example, he saw a few bugs in his cell every day, that would not give rise to a reasonable inference that he was subjected to objectively unreasonable conditions of confinement.  *Compare Smith v. Dart*, 803 F.3d 304, 312-13 (7th Cir. 2015) ("[T]he mere presence of a laundry list of pests, without more, is not sufficient to state a constitutional claim.") *with Sain v. Wood*, 512 F.3d 886 (7th Cir. 2008) (while unpleasant, allegation of cockroach infestation spanning six years, including being bitten twice, did not constitute a constitutional violation), *and Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996)

(prisoner stated claim under the Eighth Amendment by alleging that "cockroaches were everywhere, crawling on his body (along with mice) and constantly awakening him, and causing the environment to be unsanitary") (internal quotations omitted). Plaintiff should keep these standards in mind in determining whether he wishes to pursue claims related to the ventilation, mold and/or bugs.

ORDER

1. Plaintiff Dionte Burford's complaint is DISMISSED without prejudice for failure to identify a proper defendant.

2. Plaintiff may have until **October 3, 2019, to submit an amended complaint that identifies a suable person or entity for purposes of 42 U.S.C. § 1983. If plaintiff fails to respond by that deadline, then this case will be dismissed with prejudice for failure to prosecute.**

Entered this 12th day of September, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge